[No. 24020.   Department Two.   January 25, 1933.]

ALBA APGAR, *Appellant*, v. GREAT AMERICAN INDEMNITY COMPANY, *Respondent.*[1]

*M. E. Mack* and *Frank C. Trunk,* for appellant.

*H. Earl Davis* and *L. H. Brown,* for respondent.

STEINERT, J.—This is an action to recover upon a replevin bond. Trial before the court without a jury resulted in a judgment for defendant, from which plaintiff has appealed.

In February, 1931, one C. E. Lake brought an action in replevin against Mrs. Alba Apgar, appellant herein, to recover certain personal property sold under conditional sales contract, upon which forfeiture had been declared by Lake against Mrs. Apgar. A statutory bond was given, upon which the respondent herein

[1]Reported in 18 P. (2d) 46.

became surety. The bond contained the following provision:

"That if the plaintiff [C. E. Lake in said replevin action] shall prosecute said action and return the said property to said defendant, if return be adjudged, *and shall pay such sum as may for any cause be recovered against the plaintiff,* then this obligation shall be void, otherwise shall be and remain in full force and effect." (Italics ours.)

The defendant in that action, appellant herein, filed her answer, consisting of a general denial and two affirmative defenses denominated "counterclaims", which sought to recover damages for fraudulent misrepresentations in the original sale of the property. At the trial of that action, appellant's counsel conceded that there was no question as to the title to the property replevined, and the cause was therefore tried and submitted to the jury upon the issues raised in appellant's affirmative defenses. The jury returned a verdict for appellant upon both of her counterclaims. A judgment was entered accordingly, with costs taxed in favor of appellant. The judgment remaining unsatisfied, this action was begun to recover from respondent, as surety on the bond, the amount of the judgment in the former action.

The principal question presented here is the extent of respondent's liability on the bond. It is appellant's contention that respondent's liability is absolute under the provision of the bond which required it to "pay such sum as may for any cause be recovered against the plaintiff [Lake]". As authority for her contention, her counsel quotes, from several texts, the general rule that judgment against the principal on a bond is conclusive against the surety. He also cites a number of adjudicated cases in which each of the sureties on the replevin bond was held liable for the fail-

ure of the principal to pay a money judgment rendered against him in the replevin action. As strong a case as any, from the standpoint of judicial pronouncement, is that of *Ihrig v. Bussell,* cited by appellant and reported in 68 Wash. 70, 122 Pac. 608. In that case, we said:

"If the judgment require a return of the property, or the payment of the money in case return cannot be had, or require the payment of money for any cause, the surety is liable for any breach of the requirements, . . ."

This language is broad and comprehensive, and, taken literally, would include liability on any and every kind of money judgment. In that case, which was a replevin action to recover goods sold under a conditional sale contract, the court found that the defendant therein was not in default, and directed that judgment be prepared in his favor. When the judgment was presented to the court, it struck therefrom all reference to the value of the property, or its return, or else judgment for its value in case return could not be had, and entered judgment of dismissal of the action, with costs to the defendant. Thus, it will be seen that no money judgment at all was entered, and certainly none for damages resulting from an independent cause of action, as is the case here. Hence, the concluding clause of the language above quoted was only general, and not necessary in the determination of the case then before the court. It must be read, therefore, in the light of its context, and considered in connection with the particular facts before the court. The same is true of language used in other cases cited by counsel.

A recent case from Wisconsin presents a state of facts bearing a striking similarity to those before us in this case. In *Wisconsin Live Stock Ass'n. v. Bowerman,* 202 Wis. 618, 233 N. W. 639, the plaintiff brought

an action to recover possession of fifteen head of cattle, and at the same time posted a replevin bond securing the defendant "for the payment to him of such sum as may for any cause be recovered against the plaintiff." The defendants interposed a counterclaim for damages growing out of alleged breach of the contract under which plaintiff had placed defendants in possession of the cattle. A judgment was rendered against the plaintiff and its sureties, providing for a return of the cattle to defendants and for a recovery of five thousand dollars on defendants' counterclaim. That judgment was subsequently reversed and the counterclaim dismissed, although the sureties had not themselves appealed. Pursuant to the mandate of the supreme court, a judgment was then entered against the plaintiff, from which it appealed. It was contended by the plaintiff that, since the sureties had not appealed, the supreme court could not, and therefore did not, reverse the judgment as to them. But the supreme court, in answering that contention, said:

"Numerous answers may be made to this contention. To begin with, judgment should not have been rendered against the Harrimans [the sureties] on the counterclaim. Judgment was rendered against them no doubt because of the statutory condition of the undertaking by which they undertook that the plaintiff should pay to the defendants 'such sum of money as may *for any cause* be recovered against the plaintiff.' It is conceded that this is sweeping language and, literally construed, was some justification for the rendition of judgment against the sureties on the counterclaim. But language found in any statute must be construed with reference to the context in which it is found and the purpose sought to be accomplished by the statute. This undertaking is provided for by the statute relating to proceedings in replevin actions and enables the plaintiff to secure the immediate possession of the subject of the replevin action. While the language quoted is very general, its meaning as found in the statute

must be limited by its context and the purpose of the statute. Obviously the 'sum' which the sureties undertook that the plaintiff would pay was such sums as might be awarded against it as a result of the replevin action, such as damages sustained by the seizure under the writ of replevin, and perhaps other items. Judgment upon the counterclaim against the sureties was not authorized by virtue of this undertaking. The judgment upon the counterclaim was a distinct and separate matter which did not grow out of the replevin action, and its payment was not secured by the undertaking.''

We might well use the language of the Wisconsin court to express our own conclusion upon the problem here presented.

A replevin action is essentially one to determine title to, or right of possession of, personal property, and not one to determine claims sounding in tort. The terms and conditions of the replevin bond are fixed by statute. Recovery thereon must be within the scope of the replevin action. The liability of the surety ''for such sum as may for any cause be recovered from the plaintiff'' must be restricted to the action in replevin as such, and is not broadened to include liability upon independent actions for damages, even though they be treated as counterclaims and allowed as such.

One other question remains for solution. In the replevin action, the court allowed defendant (appellant here) costs in the sum of fifty-three dollars. Appellant now contends that, in any event, she is entitled to recovery upon the bond to that extent. We do not think so. True it is that the court dismissed the replevin action with costs to the defendant therein. But, as stated before, the trial was not upon the replevin feature at all. Appellant's counsel confessed title, and right of possession, of the property in the original owner, Lake, and the trial proceeded upon the

counterclaims alone. It was not a voluntary dismissal, nor was there a failure to prosecute the action, but it became settled by agreement of the parties, so far as the replevin action was concerned. It was as if the action had been originally begun on appellant's claim and as though the replevin action had never been instituted.

The costs followed the judgment upon appellant's cause of action. They were recoverable, of course, against the plaintiff, considered as a cross-defendant, in that action because he unsuccessfully defended the cross-action. But the respondent here was no party to that in any sense of the word, and its liability did not inhere in any judgment rendered thereon. While, in a sense, the appellant was the prevailing party in that action as entitled and numbered, she did not prevail, in the true sense, upon the replevin feature, because she made no contest thereof, but confessed Lake's claim in respect thereto.

The judgment is affirmed.

BEALS, C. J., MAIN, and TOLMAN, JJ., concur.