FRANK SHARKIEWICZ *v.* MARY LEPONE ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued April 7—decided April 30, 1953

*Frank Sharkiewicz,* pro se, the appellant (plaintiff).

No appearance for the appellees (defendants).

JENNINGS, J.   The complaint alleged that the defendants unlawfully converted a car owned by the plaintiff to their own use.

The finding as corrected in one particular may be summarized as follows: The plaintiff was the owner of a 1936 Oldsmobile coupe. It was worth less than $20. It had been parked on property of the defend-

ant Mary Lepone for several years prior to November 27, 1944, at an agreed rental of $1 a month. On several occasions (the dates are not stated) Mrs. Lepone ordered the plaintiff to remove the car from her premises. It was not removed. On or about December 4, 1944, Mrs. Lepone sold the car to the other defendants, doing business as Steinman Auto Parts, for the sum of $1 and other valuables, for junk. On these facts the trial court concluded that the plaintiff had abandoned the car and that there was no illegal conversion thereof.

Title 17 of the General Statutes is concerned with motor vehicles and related matters. It covers over 100 pages and contains 224 sections. This indicates that motor vehicles are a very special kind of property and require special treatment. Section 2475 deals with abandoned motor vehicles. The plaintiff claims that its rather elaborate provisions for conducting a sale of an abandoned vehicle make the sale by the named defendant illegal as a matter of law. This is not so. All of the provisions relate to the sale of a car placed in storage by an officer.

The plaintiff also claims that the car was not abandoned and that its sale was an illegal conversion. The validity of this claim depends on the correctness of the court's conclusion that the car was abandoned. "Abandonment in its general sense is the intentional relinquishment of a known right." *Glotzer* v. *Keyes,* 125 Conn. 227, 232, 5 A.2d 1. It is ordinarily a question of fact. Id., 235. "To constitute an abandonment there must be an intention to abandon or relinquish accompanied by some act or omission to act by which such an intention is manifested." Id., 233. Most of the cases, including that cited, concern the abandonment of property rights, but personal property may also be abandoned. *Haslem* v. *Lockwood,* 37

Conn. 500, 507. This is so when its possession is voluntarily forsaken by the owner. *Crossen* v. *Lion Oil & Refining Co.*, 169 Ark. 561, 566, 275 S.W. 899.

The only fact to support the conclusion that the car was abandoned by the plaintiff was his failure to remove it in accordance with Mrs. Lepone's order. The only reasonable interpretation of the finding is that the plaintiff was a tenant of Mrs. Lepone at least until November 27, 1944. The car was sold December 4, 1944. In the absence of the date when the order to remove was given, the interval between November 27 and December 4 is insufficient to show, as a matter of law, an intent by the plaintiff to abandon the car. The subordinate facts do not support the conclusion that the car was abandoned. In the absence of abandonment, the plaintiff was constructively in possession of the car. See *State* v. *Courtsol*, 89 Conn. 564, 568, 94 A. 973.

The defendants are unrepresented, there was no attachment and this litigation should be terminated. The finding that the car was not worth more than $20 was not attacked. None of the parties can have any legitimate ground of complaint if judgment is directed for that amount. See *Patalano* v. *Chabot*, 139 Conn. 356, 362, 94 A.2d 15.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff against all defendants in the amount of $20.

In this opinion BROWN, C. J., BALDWIN and INGLIS, Js., concurred.

O'SULLIVAN, J. (dissenting). I dissent on the following ground: On September 20, 1944, a marshal of the Hartford fire department notified Mrs. Lepone that a dilapidated coupe which had been standing in

her yard for several months was a fire hazard and would have to be removed. The automobile belonged to the plaintiff and its general condition is fully disclosed by the fact that it was eventually sold for $1. Between September 20, 1944, and the following December 4, Mrs. Lepone called the plaintiff on the telephone several times and also sent word to him through his brother to get the car off her premises. In spite of these repeated orders, the plaintiff did nothing to carry them out. On December 4 she sold the car to the other defendants and they removed it.

The court found that "[t]his car was abandoned by the plaintiff when . . . he failed to remove the property from the premises as required by the defendant Lepone." No assignment of error has been directed to this finding. It still remains unchallenged, and even if it were attacked it would still be amply supported as an ultimate fact by the other subordinate facts found.