JOHN HIXON *v.* HUBERT DEERING ET AL

5-5406                                    460 S. W. 2d 748

Opinion delivered December 21, 1970

*Charles E. Tilmon, Jr.,* for appellant.

*Johnson & Johnson,* for appellees.

GEORGE ROSE SMITH, Justice. This is an action in replevin brought by the appellee Deering to repossess a tractor and related equipment which he had sold to the appellant Hixon. Upon filing the suit Deering obtained possession of the property by making bond in accordance with the statute, that "he shall perform the judgment of the court herein by returning the property, if a return thereof shall be adjudged, and by paying such sums of money as may be adjudged therein against him in this action, not exceeding double the value of the property." See Ark. Stat. Ann. § 34-2105 (Repl. 1962). The other two appellees, Cowling and Harris, were sureties on the bond.

By counterclaim Hixon asserted a breach of warranty, for which he sought damages. Upon trial without a jury the circuit court upheld Deering's title and right to possession of the property, but the court also found a breach of warranty and awarded Hixon net damages of $2,030.02. A writ of execution against Deering having been returned unsatisfied, Hixon asked for a summary judgment against the sureties on the bond. This appeal is from a judgment denying that request.

The court was right. Replevin is a special statutory proceeding in which judgment for the defendant "may be for the return of the property, or its value, in case a return cannot be had, and damages for the taking and withholding of the property." Ark. Stat. Ann. § 34-2116. In this connection we said in a recent case:

> "It must be remembered that an action in replevin is a special proceeding for the possession of property only. . . . Our cases point out that damages for detention are but an incident to the right of return and that there cannot be a judgment for damages where there can be none for return. . . . Furthermore, the cases point out that the sureties on a replevin bond can discharge their liability by returning the property to the person who was dispossessed." *General Electric Credit Corp.* v. *Bankers Commercial Corp.*, 249 Ark. 107, 458 S. W. 2d 143 (1970).

In a replevin action the sureties for the plaintiff sign the bond at the outset of the case, before the defendant's possible defenses or counterclaims have yet been disclosed. Under the statute the sureties guarantee performance of the judgment *in replevin*, which, as we have said, may be for the property or its value, plus damages for the taking and withholding of the property. That is the limit of their liability. Consequently, despite the broad reference in the statute and in the bond to "such sums of money as may be adjudged against" the plaintiff, it is uniformly and properly held that the sureties' liability does not extend to counterclaims involving matters not falling within the scope of the statute. *Whisenhunt* v. *Sandel,* 177 S. C. 207, 181 S. E. 61, 100 A. L. R. 376 (1935); *Apgar* v. *Great American Ind. Co.,* 171 Wash. 494, 18 P. 2d 46, 87 A. L. R. 291 (1933); *Wisconsin Live Stock Assn.* v. *Bowerman,* 202 Wis. 618, 233 N. W. 639 (1930).

Affirmed.