[No. 205-41056-3.    Division Three.    March 2, 1971.]

DICK SELLAND et al., Appellants, v. DOUGLAS COUNTY et al., Respondents.

*Peter G. Young* (of *Engst, Phelps & Young*), for appellants.

*R. A. Hensel, Prosecuting Attorney,* and *Lowell D. Sperline, Special Deputy,* for respondent Douglas County.

*Fred Van Sickle,* for respondents Daling.

GREEN, J.—Plaintiffs, Dick and Diane Selland, appeal a judgment dismissing their action against defendant, Douglas County. The dismissal at the conclusion of plaintiffs' evidence was upon the ground that no claim was filed with the county as required by RCW 36.45.010.

Plaintiffs' complaint alleged they were the owners by purchase of 41 concrete slabs on July 12, 1963, from one Bob Hayes; they stored the slabs on certain property near Rocky Reach Dam; thereafter, defendant claimed ownership to the slabs and unlawfully removed, transported and converted to its use a number of the slabs and has continued to claim ownership to those remaining on the storage area. The prayer sought return of the slabs or, in the alternative, damages in the sum of $10,000. Defendant filed a cross claim against another party from whom defendant alleged it purchased the slabs; this cross-defendant filed a cross claim joining Robert Hayes, the individual from whom plaintiffs allegedly purchased the slabs in the first instance.

The sole issue is whether or not the trial court was correct in dismissing plaintiffs' claim. RCW 36.45.010[1] provides:

> All claims for damages against any county must be presented before the board of county commissioners and filed with the clerk thereof within ninety days from the date that the damage occurred or the injury was sustained.

It is agreed between both parties that plaintiffs did not

---

[1]This statute was amended by the Laws of 1967, ch. 164, § 14, to substitute "one hundred twenty days" for "ninety days."

comply with this statute; the question is whether plaintiffs' claim is covered by the statute.

■ In *Puget Constr. Co. v. Pierce County*, 64 Wn.2d 453, 457, 392 P.2d 227 (1964), the court, considering this statute, said:

> The word *damages* as employed in the statute means the sum of money which the law imposes or awards as compensation, or recompense, or in satisfaction for an injury done, or a wrong sustained as a consequence, *either* of a breach of a contractual obligation or a tortious act or omission.

and at page 463:

> We are of the opinion that the expression *all claims* as employed in RCW 36.45.010 means and includes claims arising out of or deriving from a breach of contract as well as claims based on tort, and all of such claims to be tenable against a county must be filed with the county commissioners within 90 days of the time when they accrued.

Here we have a claim seeking return of specific property; or in the event the property is not returned, then damages. The thrust of plaintiffs' action is to replevy the slabs, *i.e.*, regain possession of the slabs. The nature of a replevin action was described in *Apgar v. Great American Indem. Co.*, 171 Wash. 494, 498, 18 P.2d 46, 87 A.L.R. 291 (1933):

> A replevin action is essentially one to determine title to, or right of possession of, personal property, and not one to determine claims sounding in tort.

In 46 Am. Jur. *Replevin* §§ 2, 4, at 6-7, the writers state:

> § 2. . . . Replevin is a proceeding by which the owner or one who has a general or special property in the thing taken or detained seeks to recover possession in specie, *the recovery of damages being only incidental.*
>
> . . .
>
> § 4. . . . It is a possessory action the gist of which is the right of possession in the plaintiff. The *primary relief sought therein is the return of the property in specie; damages are merely incidental.* It is an ordinary statutory proceeding to adjudicate rights to the title or possession of personal property.

390

(Italics ours.) To the same effect see 2 Bouvier's Law Dictionary, and Merriam-Webster Third Int'l Dictionary (1964). From the foregoing it is apparent the essence of a replevin action is to recover specific property; damages are only incidental.

In this action, a review of the pleadings reflects the primary issue to be litigated is title to the slabs, each party claiming ownership by purchase from the same original source. Since the essence of this action is not to recover damages, but rather to recover specific property, RCW 36.45.010 is not applicable.

Judgment is reversed and the case remanded for trial.

MUNSON, C.J., and EVANS, J., concur.