ANNA M. SANCHEZ *v.* FORTY'S TEXACO SERVICE, INC.
(3139)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Argued October 2—decision released November 5, 1985

*Anna M. Sanchez,* pro se, for the appellant (plaintiff).

*Sheldon A. Rosenbaum,* for the appellee (defendant).

PER CURIAM. This is an action for conversion of the plaintiff's automobile by the defendant. The plaintiff appeals from the judgment of the trial court in favor of the defendant. The critical issue on appeal is whether the trial court's finding that the plaintiff abandoned the car is clearly erroneous. We find no error.

The defendant is a service station which performed limited warranty work on the plaintiff's car at the request of Danbury Dodge, Inc. (Danbury), which had sold it to the plaintiff. Danbury paid the defendant for its work, and thereafter went out of business. Ultimately, the defendant auctioned the car for storage charges which it claimed had accrued long after the completion of the work.

The trial court found the following facts: The plaintiff's husband located the car at the defendant's premises where he had a discussion with the defendant's personnel about a warranty for the defendant's work. The defendant did not extend any warranty on its repairs, and told the plaintiff's husband to take up that issue with Danbury. The defendant offered the car to the plaintiff's husband, since it had completed the repairs and had been paid. The plaintiff and her husband failed to take the car and abandoned any interest in it. The defendant did not convert the car. Furthermore, the court found, the plaintiff failed to prove the value of the car at the time of the alleged loss. The court rendered judgment for the defendant.[1]

---

[1] The defendant had asserted a counterclaim for the balance of its storage charges. The trial court did not render judgment on the counterclaim, but the defendant took no further action, and specifically abandoned the counterclaim at oral argument in this court.

The critical issue raised on appeal by the plaintiff is whether the court erred in finding abandonment.[2] Abandonment of personal property such as a car requires " 'an intention to abandon or relinquish accompanied by some act or omission to act by which such an intention is manifested' " and is a question of fact; *Sharkiewicz* v. *Lepone*, 139 Conn. 706, 707, 96 A.2d 796 (1953); which must stand unless clearly erroneous.

The evidence was in conflict. The court's finding that the plaintiff abandoned the car was amply supported by the following evidence: The car was sent to the defendant by Danbury with dealer plates on it and without any certificate of registration in it. The defendant looked through the car for identification of its owner without success. The defendant did not know whose car it was and was waiting for it to be claimed. When the plaintiff's husband came in and said it was his car, the defendant's representative told him he could have it, but he refused to take it because the defendant would not extend a warranty to him for the repairs. He then left without leaving his name and address. The defendant did not begin to run storage charges on the car until two or three months later. Ultimately, the defendant learned of the plaintiff's ownership of the car, and gave her notice of the proposed auction of the car, but she took no action to challenge or attend the auction.

The trial court's factual determination of abandonment is supported by the evidence and is not clearly erroneous. This finding is fatal to the plaintiff's claim of conversion, and is dispositive of her appeal.

There is no error.

---

[2] The plaintiff also claims that the court's finding as to lack of proof of value was erroneous. In view of our disposition of the first issue, we need not reach this claim.