[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, William M. Earls, alleges the followings facts. On or about October 19, 1996, Earls purchased a 1989 Lincoln Continental pursuant to a retail instalment contract from the defendant, Center Automotive, Inc. (Center). Center subsequently assigned the contract to the co-defendant, Condor Capital Corp. (Condor), a financial institution. Earls alleges that in addition to being the assignee of the contract, Condor is the holder in due course.
Earls alleges that he rightfully and effectively rejected the vehicle upon discovering nonconformities that substantially impaired its value and relinquished possession to Center. Subsequently, Earls discontinued making payments and allegedly notified Condor that Center was in possession of the vehicle.
Count six of Earls' complaint, alleging that Condor improperly repossessed the vehicle in violation of RISFA, incorporates all of the above and adds the following. On or about May of 1997,[1]
Condor repossessed the vehicle from Newman Lincoln Mercury in East Hartford, Connecticut. Earls alleges that on such date, he was a retail buyer; General Statutes § 36a-770 (c) (11); of a good; General Statutes §§ 42a-9-105 (1)(h), 42a-9-109 (1), and 36a-770 (c)(6). He further alleges the contract constituted a retail instalment contract within the meaning of General Statutes § 36a-770 (c) (12). CT Page 5021
Earls alleges that Condor failed to comply with RISFA, General Statutes § 36a-785 (b)-(e) and (g), by: (1) failing to give notice of intention to repossess the vehicle in a proper and timely manner; (2) failing to give notice of the right of redemption where no notice of intent to repossess was provided; (3) improperly charging Earls for repossession and storage of the vehicle notwithstanding Condor's failure to comply with the notice requirements; (4) failing to retain the vehicle for fifteen days within Connecticut; (5) failing to give the plaintiff not less than ten days written notice of the time and place of the public auction; (6) failing to give Earls a written statement itemizing the disposition of the vehicle; and (7) failing to credit Earls with the fair market value of the vehicle. Finally, Earls alleges that pursuant to subsection (i) of General Statutes §36a-785, Condor is liable to Earls for the greater of his actual damages or one-quarter of the amount that Earls paid under the retail instalment contract, including the down payment, plus a refund of any amount charged for repossession and storage charges and any interest charged thereon.
In count seven, Earls alleges that Condor improperly repossessed the vehicle under the UCC, incorporating all of the above, with the exception of those allegations specifically set out in count six, and alleging in addition that he was denied the right to redeem the vehicle in violation of his rights and remedies stated in the retail instalment contract pursuant to General Statutes § 42a-9-501. As a result, Earls alleges that Condor is liable for Earls' damages due to his loss caused by these violations.
Earls filed a timely memorandum of law in support of the motion pursuant to Practice Book § 11-10 with a supporting affidavit. Condor also filed a memorandum of law in Opposition to the motion along with a supporting affidavit.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Dowling, Sr. v.Finley Associates, Inc., 248 Conn. 364, 369-70, 727 A.2d 1245 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted; internal quotations omitted.) Id., 370. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is CT Page 5022 a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted) Bruttomesso v. North Eastern Connecticut SexualAssault Crisis Services, Inc., 242 Conn. 1, 5-6, 698 A.2d 795 (1997). "The existence of a genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone,Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). "If the affidavits and other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.)Associates Financial Services of America, Inc. v. Sorenson,46 Conn. App. 721, 732, 700 A.2d 107, cert. dismissed, 245 Conn. 168,710 A.2d 769 (1997).
In deciding Earls' statutory rights under RISFA and the UCC, it is necessary to first establish whether or not Earls abandoned the vehicle and waived his rights under the statutes. Earls argues that he rightfully returned the vehicle and revoked his acceptance based on Center's breach of warranties, thus maintaining his statutory remedies. In contrast, Condor argues that Earls abandoned the vehicle by leaving it at Center and making no attempt to retrieve it for over three months, surrendering any rights he may have had under these statutes.
"Abandonment of personal property such as a car requires `an intention to abandon or relinquish accompanied by some act or omission to act by which such an intention is manifested' and is a question of fact. . . ." Sanchez v. Forty's Texaco Service, Inc.,5 Conn. App. 438, 440, 499 A.2d 436, cert. denied, 198 Conn. 803,502 A.2d 932 (1985), quoting Sharkiewicz v. Lepone, 139 Conn. 706,707, 96 A.2d 796 (1953). To waive all rights with regard to the vehicle, the plaintiff must have knowledge of these rights then intentionally abandon and voluntarily relinquish them. See Soares v.Max Services, Inc., 42 Conn. App. 147, 175, 679 A.2d 37, cert. denied, 239 Conn. 915, 682 A.2d 1005 (1996); see also Rigoglioso v.Stevens Ford, Inc., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 330848 (November 27, 1996, Maioco, J.). "Whether there has been an abandonment is . . . question of fact and not law." (Internal quotation marks omitted.) Friedman v. Westport,50 Conn. App. 209, 212, 717 A.2d 797, cert. denied, 247 Conn. 937,719 A.2d 1168 (1998).
The facts regarding the abandonment of the vehicle are in dispute. There exists a genuine issue of material fact as to whether the plaintiff abandoned the vehicle and waived his rights under the CT Page 5023 applicable statutes.
If no abandonment occurred, additional questions of fact exist within the pleadings of counts six and seven. Count six alleges that Condor improperly repossessed the vehicle in violation of RISFA, General Statutes § 36a-785 (b) and (c),[2] by failing to give Earls prior notice of repossession or, in the alternative, keep the vehicle in Connecticut for fifteen days after repossession. In Earls' affidavit, he stated that he did not recall receiving notice of repossession. (See Earls Affidavit, ¶ 6.) In an affidavit submitted by Condor, Robert Giusti, vice-president of Condor, stated that a letter of intent to recover the vehicle was sent on May 20, 1997. (See Giusti Affidavit, ¶ 8.) Condor also provided a copy of the letter addressed to Earls, dated May 20, 1997, which contains notification of repossession. (See Condor's Exhibit B, notice of repossession.)
Prior notification of repossession is determinative as to the applicability of subsection (c) of General Statutes § 36a-785. Without prior notice, Condor would be required to keep the vehicle in Connecticut for fifteen days. See General Statutes § 36a-785 (c). Earls argues that the vehicle was taken to New York pursuant to a notice of sale of collateral sent by Condor on May 28, 1997, stating that the vehicle would be stored at 800 Oyster Bay Road, Hicksville, New York. (See Earls' Exhibit B, notice of sale of collateral.) Condor maintains that the vehicle was recovered on May 28, 1997, stored in East Hartford, Connecticut at the time of the notice to Earls and held there for more than thirty days thereafter. (See Giusti Affidavit, ¶ 11-12.)
It is clear that the affidavits are in conflict as to whether notification of repossession was sent and if not, whether the vehicle remained in Connecticut for the required fifteen days thereafter. As a result, there remains a genuine issue of material fact within the pleadings regarding Condor's compliance with General Statutes §36a-785 (b) and (c).
Earls also alleges that this notice was insufficient because the time was inadequately stated therein as "on or about 6/97." (See Earls' Exhibit B, notice of sale of collateral.) Earls alleges that given that the auction was held in Orlando, Florida, without notice of the actual time and day, Condor failed to protect Earls' right of redemption. Condor argues that the notice was sufficient given Earls disinterest in the vehicle evidenced by his abandonment. Condor further argues that it scheduled a sale by public auction pursuant to CT Page 5024 General Statutes § 42a-9-504 and gave Earls reasonable notice.
Again, there exists a genuine issue of material fact as to whether the notification of time was sufficient.
In count seven, Earls alleges that he was denied the right to redeem the vehicle when Condor exceeded its rights and remedies as expressly provided for in the retail instalment contract in violation of the UCC, General Statutes § 42a-9-501.[3] Section 14 ("Default by Buyer") of the contract states the rights and remedies of the parties as: "[i]f we retake the vehicle, our right to sell it and hold you responsible for any deficiency, and your right to redeem the vehicle before we resell it will be subject to any notice and cure rights which may apply under the laws of Connecticut." (See Earls' Exhibit A, alleged retail instalment contract.) Earls argues that RISFA applies to the contract because it is a retail instalment contract by definition. See General Statutes § 36a-770 (c) (12). Additionally, Earls illustrates full compliance with the statutes, alleging he was a retail buyer as defined by General Statutes §36a-770 (c) (11), of a good within the meaning of General Statutes §§42a-9-105 (1)(h), 42a-9-109 (1) and 36a-770 (c)(6). As a result, Earls claims that Condor was contractually bound to comply with RISFA.
Condor argues that it was bound only to comply with the UCC because the agreement was not a retail instalment contract as defined by RISFA, specifically General Statutes §§ 36a-770 (c) (12) and 36a-771
(c). Addressing § 36a-771 first, Condor argues that the contract failed to state the words "RETAIL INSTALMENT CONTRACT" on the face of the document as required in subsection (c)(1). Both Earls and Condor provide copies of the document. (See Earls' Exhibit A; Condor's Exhibit A.) Alternatively, Condor argues that even if the agreement was a retail instalment contract, Condor is a not a "retail seller" pursuant to the definition and therefore is not bound by RISFA. See General Statutes § 36a-770 (c) (12) (defining retail instalment contract as "any security agreement, . . . conditional sale contract or other instrument evidencing an agreement to pay the retail purchase price of goods, or any part thereof, in instalments over a period of time and pursuant to which a security interest is retained or taken by the retail seller for the payment of the amount of such retail instalment contract. . . ." (Emphasis added)).
The evidence is in conflict as to whether the security agreement was a retail instalment contract. Given that the provisions in §36a-771 (c) are designed to protect the buyer, the question remains whether Earls understood the nature of the contract to be a retail CT Page 5025 instalment contact in the absence of such wording. As a result, there exists a genuine question of fact as to Earls' intent, Condor's capacity as the assignee, and ultimately, the scope of Earls' rights under the UCC and the application of RISFA. Accordingly, there exist genuine issues of material fact.
Finally, Earls argues that the notification of the time of the resale was insufficient under § 42a-9-504 (3).[4] Condor raises the same defenses addressed in count six to show compliance with regard to the notification of the time of the public sale. The same conflicts in the pleadings and affidavits that were found in count six exist in count seven. As a result, a factual issue remains as to whether proper notice of the time of the resale was given.
Motion for summary judgment is denied.
BY THE COURT,
Andre M. Kocay, Judge