[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of actions taken in the early 1950's by a non party and now deceased individual, William Hillman. The plaintiffs claim that they are respectively, the widow and daughter of William Hillman, and that they are entitled to certain personal property left by William Hillman at the home of the defendants Margaret Ramsey, deceased, and Barry Ramsey, who is the son of Margaret Ramsey. The complaint as to these defendants sounds in two counts: conversion and statutory theft.[1]
The defendants Estate of Margaret Ramsey and Barry Ramsey move for summary judgment to enter in their favor on both counts. They first claim that the plaintiff Allesandra Hillman-Devine has no standing because she has no legal interest in the subject property. The plaintiffs do not dispute this claim, and accordingly as to the plaintiff Allesandra Hillman-Devine, summary judgment enters in favor of the defendants.
The defendants also seek summary judgment on the grounds that 1) the undisputed facts establish that William Hillman abandoned the property so that neither conversion nor statutory theft lie against them, and 2) both the conversion and the statutory theft claims are barred by the applicable statute of limitations. Because issues of fact exist on both grounds, the court denies the remainder of the motion for summary judgment.
The facts that are not in dispute and are established through the pleadings, affidavits and appropriate documentation begin with William Hillman leaving items of personal property at the home of former neighbors in New Milford, Connecticut sometime prior to August 20, 1951. The personal property included several boxes of documents and papers. Those papers include professional correspondence and working documents of William Hillman that are of some historical significance, including letters by Winston Churchill, William Randolph Hearst, George Bernard Shaw, Neville Chamberlain, Joseph Kennedy and John Maynard Keynes. In August 1951, the defendant Ramsey's parents Wilbur and Margaret Ramsey bought the real property from William Hillman's former neighbors. At the time they acquired the property, the Ramseys recognized the stored personal property as William Hillman's. In 1952, William Hillman married the plaintiff, and later in that year visited the Ramseys' home to view his stored property. At that visit, the defendant Ramsey, a young boy, was present and was given a bicycle by William Hillman from his stored property. There is no evidence that William Hillman returned to the Ramsey property or got in touch with the Ramseys regarding his stored property CT Page 9272 before he died on May 30, 1962. William Hillman never told his wife or daughter about the stored property.
In 1997, the defendant Ramsey entered into an agreement with the defendant Litchfield County Auctions, Inc. to sell the stored property at an auction. Through advertisement of the auction to sell the personal memorabilia of William Hillman, the plaintiffs first learned of the stored property and informed the defendant Ramsey that they claimed ownership. The defendants did not go forward with the auction and this lawsuit followed.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Appleton v. Board ofEducation, 254 Conn. 205, 209 (2000); Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 297 (2000); Miles v. Foley, 253 Conn. 381, 385 (2000). A "material" fact is one which will make a difference in the outcome of the case. Morasciniv. Commissioner of Public Safety, 236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist.Michaud v. Gurney, 168 Conn. 431, 433 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Wilson v.New Haven, 213 Conn. 277, 279 (1989); Mac's Car City, Inc. v. AmericanNational Bank, 205 Conn. 255, 261 (1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Sherwood v. Danbury Hospital,252 Conn. 193, 201 (2000).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with . . . evidence disclosing the existence of such a disputed issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ." (Internal quotation marks omitted.) Home InsuranceCo. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
As to the defendant's claim of abandonment, the law is well established. In order to establish a cause of action of conversion, the plaintiffs must prove 1) that the stored property belongs to them; 2) that CT Page 9273 the defendants have deprived the plaintiffs of the property for an indefinite period of time; 3) that the defendants' conduct was not authorized; and 4) that the defendants' conduct has harmed the plaintiffs. Zanoni v. Hudon, 48 Conn. App. 32, 38-39, cert denied,244 Conn. 928 (1998). In order to establish statutory theft under General Statutes § 52-564[2], the plaintiff must prove that "with intent to deprive another of property or to appropriate the same to himself or a third person the defendant wrongfully takes, obtains or withholds such property from an owner." Suarez-Negrete v. Trotta, 47 Conn. App. 517,520-21 (1998), quoting General Statutes § 52-119. If in fact William Hillman abandoned the property more than fifty years ago, the plaintiffs' action must fail on both counts. Sanchez v. Forty's Texaco Service,Inc., 5 Conn. App. 438 (1985).
"Whether there has been an abandonment is a question of intention to be determined from all the surrounding circumstances, and is a question of fact and not of law." Friedman v. Town of Westport, 50 Conn. App. 209,212 (1998). "Summary judgment is inappropriate where the inferences that the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Citation omitted) Tryon v. Town ofNorth Branford, 58 Conn. App. 702, 707 (2000).
The facts that are not in dispute show an issue exists as to William Hillman's intent; that is, the trier of fact could made inferences from the defendant Ramsey's testimony as well as other evidence of William Hillman's actions, including the historical and noteworthy nature of the written materials.
As to the claim that as a matter of law the statute of limitations, General Statutes § 52-577 bars this action, the court finds that there are issues of material fact as to when this action accrued. Under that statute, "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Conversion and statutory theft both require the wrongful withholding of property. Since it is not clear when or if the defendants actually asserted ownership over the stored property and in particular the papers prior to 1997, and when in fact these plaintiffs knew of their existence, the motion must be denied on this ground as well.
For the above reasons, the motion is granted only as to Alessandra Hillman Devine and denied as to the plaintiff Margaret B. Hillman.
DiPentima, Judge