IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RUSSELL H. BENSCH and CELLIE D. BENSCH, | ) ) ) | No. 31149-0-III |
| Respondents, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| DON C. DIXON and PATRICIA E. BRITZA, | ) ) ) | |
| Appellants. | ) ) | |

KORSMO, C.J. — The trial court granted summary judgment in this replevin case.

We conclude that whether or not the respondents abandoned the property at issue is a

factual question that needs to be decided at trial. Accordingly, we reverse the order

granting summary judgment and remand this case for trial.

## FACTS

Respondents Russell and Cellie Bensch owned two adjoining 20 acre parcels that

have separate tax numbers. Their residence was located on one of the two parcels. The

couple refinanced their property with Countrywide Bank. The deed of trust covered both

properties, although respondents stated that they believed the deed only covered the

parcel containing the residence.

The Bensches defaulted on their obligation to Countrywide, and a nonjudicial deed of trust foreclosure was commenced in May 2010. The Bensches believed that the foreclosure was only of the east parcel containing the house and that the west parcel would still continue to belong to them.[1] The property was sold to Federal National Mortgage Association pursuant to the Trustee's Sale on August 27, 2010. The Bensches moved out of the house and moved some of their personal property to another location, but left a substantial amount of personal property on the west 20 acres. The property was then listed for sale by the foreclosing institution.

Appellants Don Dixon and Patricia Britza examined the property before making an offer on it. They observed that wires had been cut out of the electrical box, the vanity had been pulled out of the bathroom and burned on the driveway, and the carpet had been ripped out of the living room and removed. They also observed vehicles and heavy equipment, a large garbage pile, old tires, 55 gallon oil barrels, and piles of metal on the west parcel. They believed the vehicles and equipment could be sold to help offset some of the cost to clean-up the property and the building materials could be used on the property. They then successfully purchased the entire 40 acre property.

---

[1] The Bensches claim they believed they retained title as the vested owners of the west parcel until November 2, 2011, when the Trustee's Deed was recorded and they learned the deed purported to transfer all 40 acres.

2

They spent about $77,000 putting the house back in livable condition. Sometime in December 2011, one of the workmen found an undated note from Mrs. Bensch asking Ms. Britza for patience and time in allowing the Bensches to remove the "heavy, hard to move" property from the land as they did not expect the west half of the 40 acres to sell and explaining that they had been in North Dakota operating a trucking company and it would take them two to three weeks, costing thousands of dollars in lost revenues, to move the personal property off the land. Appellants did not allow the respondents back onto the land to remove the personal property.

On June 8, 2012, 22 months after the foreclosure sale, the Bensches filed a replevin action against Mr. Dixon and Ms. Britza. The complaint alleged that the personal property on the west parcel belonged to the Bensches and was not abandoned, and that appellants had prevented the Bensches from recovering their property. Mr. Dixon and Ms. Britza asserted multiple affirmative defenses, including abandonment, estoppel, and laches.

The Bensches moved for summary judgment. They contended they had not abandoned the property due to their mistaken belief they still owned the land on which they placed it. In response, Mr. Dixon and Ms. Britza claimed that the Bensches knew, or should have known, that the bank was foreclosing on the entire property and that they intended to abandon the property by leaving it there.

3

On September 14, 2012, the trial court granted summary judgment in favor of the Bensches. An order granting possession of personal property and setting conditions was entered on September 24, 2012. Mr. Dixon and Ms. Britza timely appealed.

## ANALYSIS

Appellants argue that a factual question exists concerning whether the property was abandoned or not. We agree.

This court reviews a summary judgment *de novo*, performing the same inquiry as the trial court. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). The facts, and all reasonable inferences to be drawn from them, are viewed in the light most favorable to the nonmoving party. *Id*. If there is no genuine issue of material fact, summary judgment will be granted if the moving party is entitled to judgment as a matter of law. *Id*.

The moving party bears the initial burden of establishing that it is entitled to judgment because there are no disputed issues of material fact. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). When a party makes that initial showing, then the burden shifts to the opposing party to establish there is a genuine issue for the trier of fact. *Id*. at 225-26. The responding party may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, it must put forth evidence showing the existence of a triable issue. *Id*.

4

No. 31149-0-III
*Bensch v. Dixon*

"A replevin action is essentially one to determine title to, or right of possession of, personal property." *Apgar v. Great Am. Indem. Co.*, 171 Wash. 494, 498, 18 P.2d 46 (1933). The party bringing a replevin action must show:

> (a) That the plaintiff is the owner of the property or is lawfully entitled to the possession of the property by virtue of a special property interest . . . ;
> (b) That the property is wrongfully detained by defendant;
> (c) That the property has not been taken for a tax, assessment, or fine pursuant to a statute and has not been seized under an execution or attachment against the property of the plaintiff, or if so seized, that it is by law exempt from such seizure; and
> (d) The approximate value of the property.

RCW 7.64.020(2). The plaintiff seeking replevin must be able to prevail on the strength of her title or right, regardless of the defendant's title or right to possession. *Crystal Recreation, Inc. v. Seattle Ass'n of Credit Men*, 34 Wn.2d 553, 558, 209 P.2d 358 (1949).

The general rule is that abandonment of chattel by the owner is a complete defense to an action for conversion or replevin. *See, e.g.*, 66 AM. JUR. 2D *Replevin* § 32 (2013), 18 AM. JUR. 2D *Conversion* § 102 (2013); *Sanchez v. Forty's Texaco Serv. Inc*, 5 Conn. App. 438, 499 A.2d 436 (1985). Although Washington courts have consistently recognized abandonment as a defense to an action for conversion, there are no Washington cases discussing abandonment as a defense to replevin. *See, e.g., Jones v. Jacobson*, 45 Wn.2d 265, 273 P.2d 979 (1954) (noting that abandonment is a complete defense to conversion). However, given that most jurisdictions recognize abandonment as a defense to both replevin and conversion, that Washington courts uniformly recognize

5

abandonment as a complete defense to conversion, and the similarity between replevin

and conversion claims,[2] we believe abandonment also is a complete defense to replevin.

Abandonment of a legal right is generally a question of fact. *In re Trustee's Sale*

*of Real Prop. of Brown*, 161 Wn. App. 412, 415, 250 P.3d 134 (2011). To successfully

assert abandonment as an affirmative defense, the party claiming abandonment must

show that the abandonment was both intentional and voluntary. *See Ferris v. Blumhardt*,

48 Wn.2d 395, 402, 293 P.2d 935 (1956). Abandonment must be proved by "clear,

unequivocal and decisive evidence." *Shew v. Coon Bay Loafers, Inc.*, 76 Wn.2d 40, 50,

455 P.2d 359 (1969). This court has upheld trial court determinations of abandonment

where a property owner with notice of the need to retrieve property failed to do so in a

timely manner even while claiming the property as his own. *E.g.*, *Excelsior Mortg.*

*Equity Fund II v. Schroeder*, 171 Wn. App. 333, 287 P.3d 21 (2012); *Lamar Outdoor*

---

[2] Replevin is an action seeking to recover personal property that is being wrongfully detained by someone who is not the legal owner of the property. *See Ray v. Hill*, 194 Wash. 321, 324, 77 P.2d 1009 (1938). Conversion occurs when someone willfully interferes with any chattel, without lawful justification, and that interference deprives a person entitled to possession of the property. *Brown v. Brown*, 157 Wn. App. 803, 817, 239 P.3d 602 (2010). Replevin and conversion are "concurrent remedies for a wrongful taking of goods." 18 AM. JUR. 2D *Conversion* § 65 (2013). However, replevin is usually an action to recover property, whereas conversion allows recovery of the value of the property when recovery of the specific property is not possible. *See* 18 AM. JUR. 2D *Conversion* § 66 (2013).

*Adver. v. Harwood*, 162 Wn. App. 385, 254 P.3d 208 (2011); *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 225 P.3d 266 (2009).

Here, there was conflicting evidence regarding the abandonment issue. Although respondents stress their confusion over whether both of their parcels were subject to foreclosure, that issue was an irrelevancy at summary judgment because the evidence had to be construed in a light most favorable to Mr. Dixon and Ms. Britza. Objectively viewed, the evidence established that respondents had criminally[3] damaged the house and removed the personal property they desired to keep while piling up a large amount of additional material on the land with the apparent intent to cause additional expense to the mortgage holder. The passage of time also suggests that respondents had abandoned the property. They had been away well over a year before even suggesting that they were still interested in the property. Abandonment has been found in far shorter periods of time even while claims of ownership were being asserted. *E.g., Excelsior; Lamar; Quinn.* The facts here are even more favorable to the appellants than in those cases.

There was sufficient evidence of abandonment to allow appellants their day in court on the issue. Because the abandonment claim constituted an unresolved factual

---

[3] *See State v. Wooten*, No. 87855-2 (Wash. October 31, 2013).

7

question, summary judgment was improper.[4]  Accordingly, we reverse and remand for

trial.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____            _____
Brown, J.                                   Fearing, J.

---

[4] Although respondents did not use the chapter 7.64 RCW summary process, the trial court did enter an order of immediate possession per that statute.  The parties do not discuss the propriety of this hybrid approach to the case.